# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTHONY PETTIES, | ) |
| Petitioner, | ) |
| v. | ) Case No. CIV-22-431-SLP |
| CARRIE BRIDGES,[1] | ) |
| Respondent. | ) |

## O R D E R

In this habeas corpus action brought pursuant to 28 U.S.C. § 2254, Petitioner, appearing pro se, challenges his state-court conviction in Case No. CF-1992-1956, District Court of Oklahoma County, State of Oklahoma. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), this matter was referred for initial proceedings to United States Magistrate Judge Shon Erwin. Judge Erwin entered a Report and Recommendation [Doc. No. 9], in which he recommended dismissing the Petition on the grounds that it is untimely.

Petitioner filed a timely objection to the R. & R. *See* [Doc. No. 12]. The Court, therefore, must make a de novo determination of the portions of the R. & R. to which specific objections have been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Review of all other issues addressed by Judge Erwin are waived. *See Moore v. United*

---

[1] The appropriate respondent in a habeas action is the inmate's custodian. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). Pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases and Federal Rules of Civil Procedure 25(d) and 81(a)(4), Carrie Bridges, current warden at Petitioner's location of incarceration, is substituted as Respondent.

*States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Petitioner was convicted of second-degree murder in Oklahoma County in 1993. His Petition asserts three grounds for relief, all of which challenge the trial court's jurisdiction over his criminal case. Judge Erwin recommends dismissal because Petitioner's claims are untimely, and he is not entitled to statutory tolling, equitable tolling, or the actual innocence exception. Petitioner's Objection simply re-urges the jurisdictional argument that Judge Erwin previously rejected. Petitioner does not address any portion of Judge Erwin's R. & R. with specificity.[2]

Nevertheless, upon de novo review, the Court concurs with the analysis in the R. & R. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), state prisoners must generally file an application for a writ of habeas corpus within one year of "the date on which the judgment became final." 28 U.S.C. § 2244(d)(1)(A). Because Petitioner's "conviction[] became final prior to April 24, 1996, the limitations period commenced on April 24, 1996, and expired one year later." *Takemire v. Novak*, 57 F. App'x 385, 387 (10th Cir. 2003) (citing *Hoggro v. Boone*, 150 F.3d 1223, 1225–26 (10th Cir. 1998)). The Petition, therefore, was filed over 25 years after AEDPA's statute of limitations expired.

It is unclear whether Petitioner is arguing the Petition is timely under § 2244(d)(1)(C). *See* [Doc. No. 1] at 8. This subsection permits a state prisoner to file a

---

[2] In his Objection, Petitioner claims that "the previous law clerk of the penitentiary [] lost or misplaced [Judge Erwin's] recommendation" [Doc. No. 12] at 1. But at no point before filing his Objection did Petitioner request an additional copy of Judge Erwin's R. & R. from the Court.

petition for habeas corpus within one year from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." But it is clear that "*McGirt* did not announce a new constitutional right," so § 2244(d)(1)(C) is inapplicable. *Pacheco v. Habti*, 62 F.4th 1233, 1237 (10th Cir. 2023).

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 9] is ADOPTED and the Petition [Doc. No. 1] is DISMISSED WITH PREJUDICE.[3] A separate Judgment of Dismissal shall be entered contemporaneously with this Order.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). When the district court dismisses a habeas petition on procedural grounds, the petitioner must make this showing by demonstrating both "[1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that

---

[3] A dismissal on grounds the Petition is untimely should be with prejudice. *Taylor v. Martin*, 757 F.3d 1122, 1123 (10th Cir. 2014) (denying COA and dismissing appeal of § 2254 habeas petition dismissed with prejudice as untimely under § 2244(d)); *see also Davis v. Miller*, 571 F.3d 1058, 1061 n. 2 (10th Cir. 2009) (recognizing that dismissal under Fed. R. Civ. P. 41(b) of § 2254 habeas petition without prejudice was "tantamount to a dismissal with prejudice because the one-year statute of limitations bars [petitioner] from refiling his [habeas] petition"); *Brown v. Roberts*, 177 F. App'x 774, 778 (10th Cir. 2006) ("Dismissal of a [§ 2254 habeas] petition as time barred operates as a dismissal with prejudice . . . .").

reasonable jurists would not debate the correctness of the Court's determination. The Court therefore denies a COA.

    IT IS SO ORDERED this 15th day of August, 2024.

                                                  SCOTT L. PALK
                                                  UNITED STATES DISTRICT JUDGE